**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MYRON N. CRISDON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NORTHGATE I, ALLIED UNIVERSAL SECURITY SERVICES, ASHA TAYLOR,<br><br>　　　　　Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>No. 24-11537 (KMW-SAK)<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiff Myron N. Crisdon's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 1) pursuant to 28 U.S.C. § 1915(a)(1); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application, Plaintiff declares that he does not have a monthly income or expenses. IFP Application ¶ 1, 8. Plaintiff does not have other liquid assets, nor does he list a spouse to contribute income or share in expenses, ¶¶ 1-8; and

**THE COURT FINDING** that because Plaintiff's income is modest, the Court grants the IFP application.

The Court is now required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint is dismissed without prejudice.

Plaintiff commenced this action against Northgate I, Allied Universal Security Services, and Asha Taylor (ECF No. 1) on December 31, 2024, alleging violations of New Jersey's "Fair Housing Act, N.J.S.A. 2A:18-61.1 *et seq.*; [the] New Jersey Identity Theft Act, intrusion upon seclusion, N.J.S.A. 2C:18-3" (trespass); N.J.S.A. 2C:33-4 (harassment); N.J.S.A. 2C:12-1(3) (assault)," Negligent Infliction of Emotional Distress, N.J.S.A. 56:8-2 ("Fraud, etc., in connection with sale or advertisement of merchandise or real estate as unlawful practice"), N.J.S.A. 2C:21-1 (forgery and related offenses); and N.J.S.A. 2C:20-3 (theft). (ECF No. 1 at 2).

Plaintiff alleges that he was subject to a wrongful ejectment and "criminal eviction" by "Northgate I Management" and "Asha Taylor." (*Id.* at 3). Plaintiff alleges that Northgate I Management took all his belongings, which included clothes, sneakers, phones, laptop, jewelry, electronics, exercise equipment, and contracts from his filing cabinet containing private information. (*Id.*) Plaintiff further alleges that Ms. Taylor, Northgate I's manager, ordered an "illegal lockout" causing Plaintiff's belongings to be stolen. (*Id.*) Plaintiff claims that "Northgate I Security Company" conspired with "Northgate I Management" by negligently banning him from the building without verifying the legitimacy of the grounds for doing so. (*Id.*) As a result, Plaintiff seeks compensatory damages from Ms. Taylor in the amount of $14 trillion and from Allied Universal Security Services Security Company in the comparatively modest amount of $100 million, as well as punitive damages in an amount to be determined by the Court. (*Id.*)

Federal courts are courts of limited jurisdiction and have an independent obligation to address issues of subject-matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life*

*Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). If a federal district court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). To establish jurisdiction, a pleading must either present a federal claim or trigger the court's diversity jurisdiction. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977 at *1 (3d Cir. Feb. 16, 2024). To assert a federal claim, a pleading must assert an action arising under the Constitution, laws, or treaties of the United States. *Id.* at *1 n.2. To assert diversity jurisdiction, a pleading must demonstrate complete diversity of citizenship among the parties, (meaning that each defendant must be a citizen of a different state than each plaintiff), with the amount in controversy being over $75,000.00. *Id.* at *1.

Here, although Plaintiff asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, Plaintiff does not point to any violation of federal law or the Constitution of the United States. (*See* ECF No. 1). Furthermore, as Plaintiff avers that all parties are citizens of New Jersey, this Court may not exercise subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (*Id.*)

Accordingly, the Court will dismiss the Complaint without prejudice. Therefore,

IT IS HEREBY on this 30 day of **January**, 2025

**ORDERED** that this case be **DISMISSED WITHOUT PREJUDICE**; and further

**ORDERED** that Plaintiff is granted leave to amend his Complaint within 30 days of issuance of this order to address the deficiencies noted herein; and further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

3