**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| MYRON N. CRISDON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NORTHGATE I APARTMENTS, ALLIED UNIVERSAL SECURITY COMPANY, ASHA TAYLOR, and JUDGE RICHARD F. WELLS,<br><br>　　　　　　Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>No. 24-11537 (KMW-SAK)<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiff Myron N. Crisdon's ("Plaintiff") Amended Complaint (ECF No. 5); Motions to Expedite Proceedings (ECF Nos. 6, 14); and Motion in Limine (ECF No. 7). The Court is now required to screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Amended Complaint (ECF No. 5) is dismissed with prejudice.

Plaintiff commenced this action against Northgate I, Allied Universal Security Services, and Asha Taylor (ECF No. 1) on December 31, 2024, alleging violations of New Jersey's "Fair Housing Act, N.J.S.A. 2A:18-61.1 *et seq.*; [the] New Jersey Identity Theft Act, intrusion upon seclusion, N.J.S.A. 2C:18-3" (trespass); N.J.S.A. 2C:33-4 (harassment); N.J.S.A. 2C:12-1(3)

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

(assault)," Negligent Infliction of Emotional Distress, N.J.S.A. 56:8-2 ("Fraud, etc., in connection with sale or advertisement of merchandise or real estate as unlawful practice"), N.J.S.A. 2C:21-1 (forgery and related offenses); and N.J.S.A. 2C:20-3 (theft). (ECF No. 1 at 2).

Plaintiff alleged in the initial Complaint that he was subject to a wrongful ejectment and "criminal eviction" by "Northgate I Management" and "Asha Taylor." (*Id.* at 3). Plaintiff alleged that Northgate I Management took all his belongings, which included clothes, sneakers, phones, laptop, jewelry, electronics, exercise equipment, and contracts from his filing cabinet containing private information. (*Id.*) Plaintiff further alleged that Ms. Taylor, Northgate I's manager, ordered an "illegal lockout" causing Plaintiff's belongings to be stolen. (*Id.*) Plaintiff claimed that "Northgate I Security Company" conspired with "Northgate I Management" by negligently banning him from the building without verifying the legitimacy of the grounds for doing so. (*Id.*)

This Court dismissed Plaintiff's Complaint without prejudice, finding that it did not have subject-matter jurisdiction because Plaintiff did not assert any federal claims, and the parties were not diverse. The Court provided Plaintiff leave to amend his Complaint, which Plaintiff did accordingly.

In his Amended Complaint, Plaintiff asserts a 42 U.S.C. § 1983 claim against Defendant Judge Richard F. Wells ("Judge Wells") of the Superior Court of New Jersey, who presided over Plaintiff's eviction proceeding. Plaintiff alleges that Judge Wells violated his "constitutional due process protections" by allegedly (1) treating the Defendant as the Plaintiff; (2) ignoring clear evidence; and (3) issuing an unlawful ruling evicting Plaintiff. (ECF No. 5 at 3-4.) Plaintiff also alleges various state law claims against Defendants. (*Id.* at 4-5.)

Federal courts are courts of limited jurisdiction and have an independent obligation to address issues of subject-matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). If a federal district court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). To establish jurisdiction, a pleading must either present a federal claim or trigger the court's diversity jurisdiction. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977 at *1 (3d Cir. Feb. 16, 2024). To assert a federal claim, a pleading must assert an action arising under the Constitution, laws, or treaties of the United States. *Id.* at *1 n.2. To assert diversity jurisdiction, a pleading must demonstrate complete diversity of citizenship among the parties, (meaning that each defendant must be a citizen of a different state than each plaintiff), with the amount in controversy being over $75,000.00. *Id.* at *1.

Plaintiff's Amended Complaint purports to assert a § 1983 claim against Judge Wells, asserting he violated Plaintiff's due process rights pursuant to the Fourteenth Amendment by treating the defendant as the plaintiff; (2) ignoring clear evidence; and issuing an unlawful ruling evicting Plaintiff. (ECF No. 5 at 3-4.) Plaintiff asks this Court to essentially overturn the eviction judgment by ordering Defendant North Gate I to reinstate Plaintiff's access to his apartment and place him into a unit.

Although Defendants did not file a motion to dismiss or otherwise respond to the Complaint, the claims against them are *sua sponte* dismissed for want of subject-matter jurisdiction. *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 869-70 (3d Cir. 2022) ("[Courts] have a continuing obligation to assess subject[-]matter jurisdiction *sua sponte* at all stages of the proceeding, even when parties do not raise the issue");

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A challenge to subject-matter jurisdiction under a Rule 12(b)(1) motion may be "facial" or "factual." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). "[A] facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Id.* at 358. In reviewing a factual attack, a district court "may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). Regardless of whether the attack is facial or factual, the plaintiff bears the burden of proving that the court has jurisdiction. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006).

Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). The *Rooker-Feldman* doctrine applies to cases where the following four criteria are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* at 166 (alterations in original) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Courts have applied the *Rooker-Feldman* doctrine to claims brought in federal court involving custody disputes and final restraining orders ("FROs") where a plaintiff lost in state court, complains of injuries caused by the state court judgment, the judgment was rendered before filing a federal suit, and the plaintiff invites the district court to review and reject the state court judgment. *See McAllister v. Allegheny Cnty. Fam.*

*Div.*, 128 F. App'x 901, 902 (3d Cir. 2005) (affirming district court's decision declining to exercise jurisdiction pursuant to *Rooker-Feldman* doctrine over complaint seeking to void or overturn adverse rulings entered by state court in child custody litigation); *Walsh v. Walsh*, No. 16-4242, 2017 WL 923860, at *4 (D.N.J. Mar. 8, 2017) (finding *Rooker-Feldman* doctrine precluded court from exercising subject-matter jurisdiction over action involving grant of FRO by state court.

Here, the Court finds that it does not have subject-matter jurisdiction over Plaintiff's request for relief because Plaintiff asks this Court to review Judge Well's decision for error. The Court declines to exercise jurisdiction under the *Rooker-Feldman* doctrine because: 1) Plaintiff seeks to challenge the state court eviction judgment, 2) Plaintiff complains of injuries caused by that state court judgment, 3) the judgment was rendered before Plaintiff filed the instant action, and 4) Plaintiff asks this Court to review and reject the state court judgment. Accordingly, the Court denies Plaintiff's request to reinstate his access to his apartment in derogation of Judge Well's eviction order.[2]

The Court further finds that Plaintiff's § 1983 claim against Judge Wells is subject to dismissal. "A District Court may dismiss a complaint *sua sponte* on the immunity grounds of § 1915(e)(2)(B)(iii) when it is clear on the face of the complaint that a party is immune from suit." *McDeavitt v. McCarthy*, 767 F. App'x 365, 367 (3d Cir. 2019); *see also* 28 U.S.C. § 1915(e)(2)(B)(iii) (explaining that a "court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . seeks monetary relief against a defendant who is immune from such relief."); *Peeples v. Citta*, 501 Fed. Appx. 109, 111 (3d Cir. 2012) (affirming district court's *sua sponte* dismissal of Complaint based on judicial immunity).

---

[2] To the extent Plaintiff wished to challenge Judge Well's eviction order, his recourse was to the Appellate Division of the Superior Court of New Jersey. *See* N.J. Ct. R. 2:2-3.

The doctrine of judicial immunity has been determined to be "applicable in suits under § 1 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, for the legislative record gave no indication that Congress intended to abolish this long-established principle." *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (citing *Pierson v. Ray*, 386 U.S. 547 (1967)); *see also Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000) ("The Supreme Court long has recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts."). This immunity, however, is not indefinite. Instead, it is "justified and defined by the functions it protects and serves." *Forrester v. White*, 484 U.S. 219, 227 (1988). Immunity does not extend to actions not within the judge's official capacity, nor does it extend to actions taken in the absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). To determine whether an act is "judicial," the court looks to whether the act performed by the judge "is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Gallas*, 211 F.3d at 768–69 (quoting *Stump*, 435 U.S. at 362).

"[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1872). Courts have therefore held that judges are not liable in civil actions, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id.* at 351; *see also Reilly v. Weiss*, No. 97-5883, 1998 WL 1110695, at *1 (D.N.J. June 15, 1998), *aff'd*, 189 F.3d 464 (3d Cir. 1999) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)) (noting that judicial immunity encompasses any judicial act within the judge's subject matter jurisdiction, even if the judge has acted maliciously, made procedural errors, or acted in excess of his or her authority).

6

When "inquiring as to whether an act was performed in the absence of all jurisdiction, and therefore not subject to immunity, the court must distinguish those acts that were merely performed 'in excess of jurisdiction,' to which the immunity extends." *Alintoff o/b/o H.A. v. Buck*, No. 22-0981, 2022 WL 22870331, at *2 (D.N.J. July 8, 2022) (quoting *Gallas*, 211 F.3d at 769). Here, Plaintiff alleges that Judge Wells committed misconduct in court when he reversed the roles of plaintiff and defendant, ignored clear evidence, and issued an unlawful decision tainted by bias. (ECF No. 5 at 4.) Because these allegations refer solely to Judge Well's "conduct while acting in his official capacity," Plaintiff's claims against Judge Wells are dismissed with prejudice. *Id.* (citing *J.A. v. Monroe Twp. Bd. of Educ.*, 20-09498, 2022 WL 970194, at *10 (D.N.J. Mar. 31, 2022) (dismissing with prejudice claims against an administrative law judge based on judicial immunity)).

Finally, although Plaintiff asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, Plaintiff does not point to any violation of federal law or the Constitution of the United States with respect to Defendants Northgate I, Allied Universal Security Services, and Asha Taylor. (*See* ECF No. 5.) Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

For all these reasons, the Court will dismiss the Amended Complaint with prejudice. Therefore,

IT IS HEREBY on this ___ day of **March**, 2025

**ORDERED** that this case be **DISMISSED WITH PREJUDICE**; and further

**ORDERED** that Plaintiff's Motions to Expedite Proceedings (ECF Nos. 6, 14) are **DENIED** as **MOOT**; and further

**ORDERED** that Plaintiff's Motion in Limine (ECF No. 7) is **DENIED** as **MOOT**; and further

**ORDERED** that the Clerk of the Court is directed to mark this case **CLOSED**; and further

**ORDERED** that the Clerk of the Court is directed to docket any additional motion or other filing submitted by Plaintiff in this matter as a "Submission"; and further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

　　　　　　　　　　　　　　　　　　　　　　／s／ _____
　　　　　　　　　　　　　　　　　　　　　　KAREN M. WILLIAMS
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE