**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| MYRON N. CRISDON, <br><br> Plaintiff, <br><br> v. <br><br> NORTH GATE I, *et al.*, <br><br> Defendants. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 24-11537 (KMW-SAK) <br><br> **MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiff Myron N. Crisdon's Motion for Reconsideration (ECF No. 18), and Plaintiff's submission requesting the Court's recusal, (ECF No. 19), both filed after this Court dismissed Plaintiff's case with prejudice, (ECF No. 17). The Court dismissed Plaintiff's original Complaint due to lack of subject matter jurisdiction because Plaintiff failed to identify any federal claims and did not assert facts to support diversity jurisdiction. However, the Court permitted Plaintiff to amend his Complaint. (*Id.* at 2; *see also* ECF No. 4.) Plaintiff filed an Amended Complaint which also contained the same fatal deficiencies, (ECF No. 5). In Plaintiff's Amended Complaint, he asserted 42 U.S.C. § 1983, ("§ 1983"), claims against Judge Richard F. Wells of the Superior Court of New Jersey, which the Court cannot entertain due to the applicability of the *Rooker-Feldman* doctrine, which prohibits federal review of state court judgments, and because Judge Wells is immune from suit in federal court. *See Peeples v. Citta*, 501 Fed. App'x 109, 111 (3d Cir. 2012). Finally, the Court also noted that Plaintiff did not provide any federal jurisdictional basis for claims against Defendants Northgate I, Allied Universal Security Services, and Asha Taylor and declined to exercise

supplemental jurisdiction over the state law claims. Plaintiff now comes before the Court asserting

that it misapplied the *Rooker-Feldman* doctrine and "mischaracterized Plaintiff's claims."

## I.    Motion for Reconsideration (ECF No. 18)

Motions for reconsideration, though not expressly recognized under the Federal Rules of

Civil Procedure, are generally treated as either (1) motions to alter or amend judgment under Rule

59(e), or (2) motions for relief from judgment under Rule 60(b). See *Rich v. State*, 294 F. Supp.

3d 266, 277 (D.N.J. 2018). Pursuant to Local Civil Rule 7.1(i) the Court also has discretion to

grant reconsideration where "the record was inadequately developed on a particular issue." *Baker*

*v. Allen*, No. 03-2600, 2006 WL 2226351 at *4 (D.N.J. Jul. 28, 2006) (quoting *Hatco Corp. v.*

*W.R. Grace & Co. Conn.*, 849 F. Supp. 987, 990 (D.N.J. 1994)).

Regardless of which rule is utilized to bring the motion, reconsideration by the Court is an

extremely limited remedy. "[T]he scope of a motion for reconsideration [under Rule 59(e)] . . . is

extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather,

they may be used only to correct manifest errors of law or fact or to present newly discovered

evidence." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Similarly, Rule 60(b) motions are

not the appropriate vehicle to reargue issues "that the court has already considered and decided."

*Jones v. Lagana*, No. 12-5823, 2016 WL 4154677, at *1 (D.N.J. Aug. 3, 2016) (internal quotation

marks omitted)). Similarly, reconsideration pursuant to Local Rule 7.1(i) is to be granted very

sparingly. *Baker*, 2006 WL 2226351 at *4 (internal citations and quotations omitted).

To prevail on a Motion for Reconsideration, a party must demonstrate either "(1) an

intervening change in the controlling law; (2) the availability of new evidence that was not

available when the court [made its initial decision]; or (3) the need to correct a clear error of law

or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d

Cir. 1999); *see also Baker*, 2006 WL 2226351 at *4 (utilizing the same standard under Local Civil Rule 7.1(i)).

Here, Plaintiff seeks to correct "a clear error of law or fact" when he argues that the Court misapplied the *Rooker-Feldman* doctrine and that Judge Wells' constitutional violation of Plaintiff's due process through his alleged judicial misconduct and collusion are distinct harms that are not barred by the doctrine, citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). The Court notes *Rooker-Feldman* doctrine is applicable specifically to Plaintiff's claims of unlawful eviction, theft of personal and business property, and injunctive relief to "restore access to the building and rightful placement in a North Gate 1 apartment." *See* Amend. Compl. at ¶ 5. For the Court to grant these requests, it would require the Court to reject the state court judgment that supported Plaintiff's eviction, which is exactly what the *Rooker-Feldman* doctrine prohibits. *Great Western Mining & Mineral Co.*, 615 F.3d at 166.

With regard to Plaintiff's § 1983 claims against Judge Wells, these claims are not barred by the *Rooker-Feldman* doctrine but are precluded from being brought to this Court because of judicial immunity, as the Court explained in its previous Opinion. (*See* ECF No. 17 at 5-7.) As Plaintiff noted, the Court must take his factual assertions as true pursuant to the standard of Federal Rule of Civil Procedure 12(b)(6) as set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), but as discussed at length in the Court's previous Opinion, even if Judge Wells acted maliciously or corruptly, made procedural errors, or acted in excess of his authority, judicial immunity would apply because such acts occurred when Judge Wells was engaged in a "judicial act"—presiding over Plaintiff's eviction proceeding. *Id.* at 6 (citing *Bradley v. Fisher*, 80 U.S. 335, 351 (1872); *Reilly v. Weiss*, No. 97-5883, 1998 WL 1110695 at *1 (D.N.J. Jun. 15, 1998); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)).

3

This is precisely why the Court dismissed the case with prejudice: Plaintiff cannot bring any claims against Judge Wells because he is judicially immune from suit and the Court is required to dismiss cases that seek relief from immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B). The applicability of the *Rooker-Feldman* doctrine and judicial immunity to Plaintiff's claims in his Amended Complaint produces a circumstance where there are no set of facts that could permit Plaintiff to state a claim. Therefore, this Court must deny Plaintiff's Motion for Reconsideration.

## II.    Request for Recusal (ECF No. 19)

When considering a motion for recusal, two statutes are considered by a district court Judge: 28 U.S.C. § 144 and 28 U.S.C. § 455. 28 U.S.C. § 144 states in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The statute also requires that affidavit to be filed "not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause" would be required for failure to file in that time frame. 28 U.S.C. § 144. The mere assertion of bias by a party through a filing of an affidavit does not automatically disqualify a judge, rather the Court must determine if the affidavit alleges legally sufficient facts to warrant recusal and whether the affidavit was timely filed. *United States v. Townsend*, 478 F.2d 1072, 1073 (3d Cir. 1973).

28 U.S.C. § 455 states that a judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned," or "[w]here [s]he has a personal bias or prejudice concerning a party." *See* 28 U.S.C. § 455(a), (b)(1). The Court must determine whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality

4

might reasonably be questioned. *Zia Hassan Shaikh v. New Jersey*, No. 19-14092, 2025 WL 1248934 at *3 (D.N.J. Apr. 30, 2025).

The determination of whether to recuse is within the discretion of the trial court. *See Grant v. Elias*, Nos. 22-3128, 22-3141, 22-3142, 2023 WL 6576269 at *2 (3d Cir. Oct. 10, 2023). A recusal motion must be based on "objective facts" and not "mere possibilities and unsubstantiated allegations." *Okogun v. Trs. of Princeton Univ.*, No. 21-18957, 2023 WL 4408274 at *3 (D.N.J. Jul. 7, 2023) (internal citations and quotations omitted). "In order to succeed on the recusal motion, the movant must make a 'three-fold showing': (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true they would convince a reasonable person that a bias exists; (3) the facts must show the bias is personal, as opposed to judicial, in nature." *Zia Hassan Shaikh v. New Jersey*, 2025 WL 1248934 at *3 (quoting *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973)). Essentially, a party moving for recusal must demonstrate bias with extrajudicial conduct because "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Judicial rulings alone almost never constitute a valid basis for recusal. *Id.* The Third Circuit has held that "a party's displeasure with legal rulings does not form an adequate basis for recusal[.]" *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).

Here, Plaintiff asserts that the Court has "issued multiple rulings that lack legal basis, misrepresent the facts of the case, and obstruct justice by unnecessarily complicating straightforward legal matters," and noting that the Court's dismissal of Plaintiff's Amended Complaint was the "second erroneous order the judge has issued against Plaintiff in related matters,

indicating a pattern of judicial bias." (ECF No. 19). Plaintiff contends that the Court has "consistently ignored clear and material facts," and that the Court's decisions "deliberately force Plaintiff through excessive and unwarranted litigation." *Id.* Simply put, Plaintiff does not agree with the Court's prior rulings, which is an insufficient basis to cause the Court to grant recusal. Plaintiff puts forth no facts to suggest that there is "deep-seated favoritism or antagonism," against Plaintiff, or that there is extrajudicial or personal bias present—all of Plaintiff's grievances are based on his disagreement with the legal outcomes of his matters. The facts set forth by Plaintiff are not legally sufficient to substantiate the need for recusal pursuant to 28 U.S.C. § 144, nor would a reasonable person, with knowledge of all the facts, conclude that the Court's impartiality might reasonably be questioned based on the facts of this case pursuant to 28 U.S.C. § 455. Therefore, the Court must dismiss Plaintiff's request for recusal.

IT IS HEREBY on this ⌊⌊⌋ day of July, 2025,

**ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 18) is **DENIED**; and further

**ORDERED** that Plaintiff's request for recusal (ECF No. 19) is **DENIED**; and further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE